# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN BRADLEY CHRISTENSEN,<br><br>    Defendant. | No. CR05-4070-DEO<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

    This case is before me on a petition to revoke defendant Justin Bradley Christensen's supervised release. The initial petition (Doc. No. 56) was filed January 23, 2013, and the first supplemental and substituted petition (Doc. No. 62) was filed on January 29, 2013. The Honorable Donald E. O'Brien referred the petition to me for the issuance of a report and recommended disposition (Doc. No. 57).

    I held an evidentiary hearing on January 30, 2013. Plaintiff (the Government) was represented by Assistant United States Attorney Forde Fairchild. United States Probation Officer Dustin Lutgen was also present. Christensen appeared in person and with his attorney, Assistant Federal Defender Max Wolson. Neither party presented any witnesses.

## I.  BACKGROUND

    On December 16, 2005, Christensen was sentenced to 60 months imprisonment and a three-year term of supervised release based on his plea of guilty to possession of a firearm after having been convicted of a felony. *See* Doc. No. 26. He began serving his term of supervised release (TSR) on November 5, 2010.

    The first supplemental and substituted petition itemizes 11 categories of alleged violations. During the hearing, Christensen admitted all violations through counsel.

They include failure to comply with drug testing (on four occasions), use of alcohol on three occasions, law violations for an open container in a vehicle and operating while intoxicated, in addition to a pending domestic assault charge, false statements to Probation on three occasions and use of a controlled substance on three occasions.

## II. ANALYSIS

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

At the hearing, Christensen admitted to all violations alleged in the first supplemental and substituted petition. Accordingly, I find by a preponderance of the evidence that Christensen violated the terms and conditions of his supervised release. Having so found, 18 U.S.C. § 3583(e) requires that I consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether Christensen's term of supervised release should be terminated, extended, modified, or revoked. Although I am not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), those factors are set forth below for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –
> 
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > 
> > (2) the need for the sentence imposed –

> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> >
> > . . . .
>
> (4) the kinds of sentence and the sentencing range established for –
>
> > . . . .
> >
> > (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> (5) any pertinent policy statement –
>
> > (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> >
> > (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (as referenced in 18 U.S.C. § 3583(e)). After considering these factors, I may terminate, extend, revoke or modify the term of supervised release as set forth in § 3583(e). Revocation is not mandatory in this case. *See* 18 U.S.C. § 3583(g).

Probation recommends that Christensen's term of supervised release be revoked, that he be sentenced to time served, that the terms of Christensen's TSR be re-imposed for a period of two years and that those terms be modified to require that he reside in a Residential Reentry Center (RRC) for a period of up to 180 days. The Government and Christensen agree with Probation's recommendation.

A. *Nature and Circumstances of Offense, and Christensen's History and Characteristics*

Christensen's original offense was possession of a firearm after having been convicted of a felony. He had a Criminal History Category of V at the time of sentencing.

Christensen exhibits a significant problem with substance abuse. On September 12, 2011, after pleading guilty to open container in a vehicle and admitting to his probation officer that he had been drinking alcohol during his TSR, he asked to be referred back for substance abuse treatment. Christensen's TSR was modified with his consent and he completed outpatient drug treatment at Siouxland District Health. On November 24, 2011, Christensen was arrested and charged with operating while intoxicated, domestic assault, and failure to keep clear distance. Christensen admitted to his probation officer that he was very intoxicated during this incident and stated he had an alcohol problem and needed treatment. During this interview, Christensen also

admitted to using methamphetamine and stated that his last use was on November 20, 2011. He plead guilty to the operating while intoxicated charge and the failure to keep clear distance charge was dismissed. The domestic assault charge is pending.

On November 28, 2011, Probation filed a petition to revoke or modify Christensen's supervised release. Christensen was detained at the initial appearance until an opening was available at Synergy Center in Cherokee, Iowa for inpatient substance abuse treatment. Christensen was successfully discharged from Synergy Center on December 28, 2011. On January 6, 2012, a revocation hearing was held and Christensen's TSR was modified to include remote alcohol monitoring and eight consecutive weekends in jail.

Most recently, after a sweat patch tested positive for methamphetamine Christensen admitted to his probation officer that he has relapsed several times. Christensen admitted he had been drinking until he was intoxicated at least one time per month. Christensen was instructed to contact Jackson Recovery Center and he subsequently enrolled in extended outpatient treatment there. Christensen told his probation officer his last use of methamphetamine was January 16, 2013, although he had previously stated it was January 11. On January 21, 2013, Christensen sent his probation officer a text message stating he intentionally overdosed that weekend, but "came back out of it." He wrote, "I decided that's not the way I want to handle things and I'm determined to get back in control of my life." He stated he was contacting Jackson Recovery Center that day and hoped Probation would help him "get things back to normal."

## B.  *Deterrence of Criminal Conduct*

Many of the violations here constitute the most serious grade of violation and the guideline range of imprisonment for these violations is 7 to 13 months. I find that incarceration is not necessary to deter further criminal conduct by Christensen. I also find that Probation's recommendation of placement in a RRC for up to 180 days with a

two-year term of supervised release is sufficient to deter Christensen from further criminal conduct.

## C. *Protection of the Public from Further Crimes*

Christensen's admitted violations include law violations for an open container in a vehicle and operating while intoxicated. I find that incarceration is not necessary to protect the public from further crimes and I find that residing in a RRC for up to 180 days with a two-year term of supervised release is sufficient to protect the public from further crimes.

## D. *Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Probation does not recommend any educational or vocational training. In fact, Christensen is currently employed full-time. He is also involved in outpatient substance abuse treatment through Jackson Recovery Center. Placement in a RRC for up to 180 days will allow Christensen to continue his employment and treatment.

## E. *Sentencing Considerations*

I am required to consider pertinent policy statements issued by the United States Sentencing Commission in effect at the time of Christensen's sentencing. 18 U.S.C. § 3553(a)(5). I find two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. The most serious of Christensen's violations is a Grade C violation, which consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." Having so found, the court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation: "Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B)

extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement). Based on his Criminal History Category of V, Christensen's recommended range of imprisonment pursuant to the Sentencing Guidelines is 7 to 13 months, with a maximum statutory term of imprisonment of two years. *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3). The maximum statutory term of supervised release is three years.

### F. *Sentencing Disparities*

The final consideration is whether my recommended disposition will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The parties presented no evidence on this issue and I have no information to suggest that this is the case.

### G. *Recommendation*

The Eighth Circuit has

> required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory. There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)). Failure to provide written reasons for sentencing outside the applicable policy statement range for revocation sentences is not reversible error, although written statements of reasons are helpful for the parties, reviewing courts, and the Sentencing Commission. *Id.* at 739; *accord United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline."). "The

7

district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted." *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam); *accord United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

After giving careful consideration to the factors set forth in 18 U.S.C. § 3553(a), I hereby adopt Probation's recommendation that Christensen's term of supervised release be revoked, that he be sentenced to time served, that the terms of Christensen's TSR be re-imposed for a period of two years and that those terms be modified to require that he reside in a RRC for a period of up to 180 days. I find that this recommended disposition will further the goals of deterrence and incapacitation, reflects the seriousness of Christensen's conduct and provides just punishment for such conduct. All parties seem to recognize that Christensen will benefit from continued substance abuse treatment and that it is preferable for him to continue working. However, because of his admitted violations and his request for help in getting things "back to normal," Christensen needs a structured environment. My recommended disposition, which includes up to 180 days in a RRC will provide this structure and allow Christensen to continue his employment and treatment. I find that the sentence described above is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2) and will not result in any sentencing disparities. *See* 18 U.S.C. § 3553(a).

### III. CONCLUSION

Based on the foregoing, I RESPECTFULLY RECOMMEND that the Government's petition to revoke Christensen's supervised release be **granted** and that Christensen be sentenced to time served. I further recommend that the terms of Christensen's TSR be re-imposed for a period of two years and that those terms be modified to require that he reside in a Residential Reentry Center for a period of up to 180 days.

Objections[1] must be filed **by February 14, 2013**. Responses to objections must be filed **by February 28, 2013** However, I urge the parties to file any objections and responses as soon as possible to allow Judge O'Brien to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 30th day of January, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[1] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59.